The STATE of Texas for the Best
Interest and Protection of
D.W.

Nos. 05–11–01651–CV, 05–11–01654–CV.

Court of Appeals of Texas,
Dallas.

Feb. 7, 2012.

---

Douglas A. Barnes, Dallas, for Appellant.

Melanie Barton, Asst. Dist. Atty., Dallas, for Appellee.

Before Chief Justice WRIGHT and Justices FRANCIS and LANG–MIERS.

## OPINION

Opinion by Chief Justice WRIGHT.

D.W. appeals from an order of commitment for temporary mental health services as an in-patient (no. 05–11–01651–CV) and an order to administer psychoactive medication (no. 05–11–01654–CV). In the involuntary commitment case, D.W. asserts the evidence is legally and factually insufficient to support findings that as a result of mental illness: (1) she was likely to cause serious harm to herself; (2) she was likely to cause serious harm to others; and (3) she is unable to provide for her basic needs and unable to make a rational decision as to whether to submit to treat-

ment. In the medication case, D.W. contends the evidence is legally and factually insufficient to show that: (1) she lacked capacity to make a decision regarding the administration of the proposed psychoactive medication; and (2) it was in her best interest to have treatment with the proposed psychoactive medication. We overrule D.W.'s issues and affirm both the trial court's judgment of involuntary commitment and the order to administer psychoactive medication.

## Background

D.W. went to the Federal Building in Dallas to report that she had been kidnapped from Israel and was being tortured. She was not making any sense. Because federal authorities thought D.W. was in need of treatment, they called the Dallas police. The police took D.W. to Green Oaks Hospital for evaluation. Green Oaks filed an application for temporary commitment and an application for an order to administer psychoactive medication. The trial court conducted a hearing on both applications and granted the requested relief. D.W. timely filed appeals from both the judgment of involuntary commitment and the medication order.

## Standard of Review

■ The same standard of review applies to both a commitment order and an order to administer psychoactive medication. *A.S. v. State*, 286 S.W.3d 69, 71 (Tex.App.-Dallas 2009, no pet.). The trial court must find by clear and convincing evidence the statutory criteria for both orders. *See* Tex. Health & Safety Code Ann. § 574.034(a) & 574.106(a–1) (West 2010). Clear and convincing evidence is that "degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *State v. Addington*, 588 S.W.2d 569, 570 (Tex.1979)

(per curiam). Because the State's burden of proof is clear and convincing evidence, we apply a heightened standard of review. *In re C.H.*, 89 S.W.3d 17, 25 (Tex.2002). In reviewing a legal sufficiency claim, we look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex.2002). When reviewing factual sufficiency, we must give due consideration to evidence that the fact finder could reasonably have found to be clear and convincing and then determine whether, based on the entire record, a fact finder could reasonably form a firm conviction or belief that the allegations in the petition were proven. *In re J.F.C.* 96 S.W.3d at 266.

## Order of Involuntary Commitment

■ A trial court may order temporary inpatient mental health services if it finds by clear and convincing evidence that the patient is mentally ill and at least one of three criteria results from that mental illness. Tex. Health & Safety Code Ann. § 574.034(a) (West 2010). The three criteria are: (1) the patient is likely to cause serious harm to herself; (2) the patient is likely to cause serious harm to others; or (3) the patient is suffering severe and abnormal mental, emotional, or physical distress, was deteriorating in her ability to function independently, and was unable to make a rational and informed decision as to whether or not to submit to treatment. Tex. Health & Safety Code Ann. § 574.034(a)(2)(A), (B) & (C)(i)-(iii) (West 2010). Section 574.034 sets forth specific requirements for clear and convincing evidence. The evidence must include expert testimony and, unless waived, evidence of a recent overt act or a continuing pattern of behavior that tends to confirm: (1) the

likelihood of serious harm to the patient or others; or (2) the patient's distress and the deterioration of the patient's ability to function. TEX. HEALTH & SAFETY CODE ANN. § 574.034(d) (West 2010). The recent overt act or continuing pattern of behavior must relate to the criteria on which the judgment is based. *T.G. v. State*, 7 S.W.3d 248, 252 (Tex.App.-Dallas 1999, no pet.). The expert's opinions and recommendations must be supported by a showing of the factual bases on which they are grounded. *Id.*

In this case, the trial judge found that all three criteria for committing a mentally ill patient were met. In three issues, D.W. contends the evidence is legally and factually insufficient to support the trial court's findings. At the commitment hearing, Dr. James Shupe testified that D.W. was initially picked up at the Austin Street Shelter and taken in handcuffs to Parkland hospital where she was given emergency medication. She was then transferred to Green Oaks and then to the Medical Center of McKinney. Shortly after being released from the Medical Center of McKinney, D.W. went to the Federal Building in Dallas where she told them about being kidnapped and tortured. The authorities called the police and she was taken to Green Oaks for evaluation. Dr. Shupe diagnosed D.W. with psychotic disorder not otherwise specified.

In addition to her beliefs about being kidnapped and tortured, Dr. Shupe testified that D.W. believes everyone is her enemy and they are using lasers to take away her bones and make her ears smaller. D.W. believes she has the right to fight her enemies. She does not believe she needs to be in a hospital. She wants someone to take care of the torture that is occurring. Dr. Shupe refers to D.W.'s beliefs as paranoid delusions. In Dr. Shupe's opinion, D.W. is likely to cause serious harm to herself and others because of the accusations she makes toward others and the situations in which she places herself. He also testified that D.W. is unable to make a rational decision as to whether to submit to treatment.

D.W. also testified at the commitment hearing. She testified that someone had used lasers on her "Jewish body" that had permanently damaged some of her bones. She testified that she was "kidnapped internationally in the United States of America, in Mexico, maybe in Canada, but even inside my Jewish country of Israel, and forced back into the United States where I am being tortured, physically tortured." She further testified that her religious beliefs are anti-drug and that it is against the law to give them to her. She testified that someone has a "hit contract" out on her.

Based on the entire record, we hold a reasonable fact finder could resolve the disputed evidence in favor of the trial court's findings and could reasonably form a firm belief or conviction that D.W. is mentally ill and as a result of that illness, as confirmed by her recent overt acts and continuing pattern of behavior, there is likelihood of serious harm to herself or others. Accordingly, we conclude the evidence is legally and factually sufficient to support the trial court's judgment. We overrule D.W.'s three issues in her appeal of the judgment of involuntary commitment.

## Order to Administer Psychoactive Medication

A trial court may issue an order authorizing the administration of one or more classes of psychoactive medications to a patient who is under a court order to receive inpatient mental health services. TEX. HEALTH & SAFETY CODE ANN. § 574.106(a) (West 2010). The court may issue an order if it finds by clear and convincing evidence that: (1) the patient

lacks the capacity to make a decision regarding the administration of the proposed medication; and (2) treatment with the proposed medication is in the best interest of the patient. TEX. HEALTH & SAFETY CODE ANN. § 574.106(a–1) (West 2010). In making its findings, the trial court shall consider: (1) the patient's expressed preferences regarding treatment with psychoactive medication; (2) the patient's religious beliefs; (3) the risks and benefits, from the perspective of the patient, of taking psychoactive medication; (4) the consequences to the patient if the psychoactive medication is not administered; (5) the prognosis for the patient if the patient is treated with psychoactive medication; (6) alternative, less intrusive treatments that are likely to produce the same results as treatments with psychoactive medications; and (7) less intrusive treatments likely to secure the patient's agreement to take the psychoactive medication. TEX. HEALTH & SAFETY CODE ANN. § 574.106(b)(1)-(7) (West 2010).

In two issues, D.W. contends the evidence is legally and factually insufficient to show that she lacked the capacity to make a decision regarding the administration of the proposed medication and that the administration of the proposed medication was in her best interest. At the hearing, Dr. Shupe testified that D.W. will not take medication without a court order. He testified that D.W. does not have the capacity to make a decision regarding the administration of the medications because she does not understand the nature of her mental illness or the necessity of the medications. Dr. Shupe testified that the medications would decrease her delusions. He said without the medications, D.W. would remain too psychotic to be safely out of the hospital.

Dr. Shupe testified as to both the benefits and the side effects of antipsychotics and anxiolytics. For each class of medications, Dr. Shupe testified that the benefits of the medications outweighed the side effects for D.W. at this time. In his opinion, the administration of these medications is in the best interest of D.W. He testified that the only alternative to medication that would work would be electric convulsive therapy that is even more intrusive. Dr. Shupe also stated that as he understands the Jewish faith, it is "not against their practices to take medication."

Based on the entire record, we hold a reasonable fact finder could resolve the disputed evidence in favor of the trial court's findings and could reasonably form a firm belief or conviction that D.W. lacked the capacity to make a decision regarding the administration of the proposed medications and treatment with the proposed medications was in her best interest. We overrule D.W.'s two issues in her appeal of the order to administer psychoactive medication.

We affirm the trial court's involuntary commitment judgment and its order to administer psychoactive medication.