# NO. 12-17-00174-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS FOR* | § | *APPEAL FROM THE* |
| *THE BEST INTEREST AND* | § | *COUNTY COURT AT LAW* |
| *PROTECTION OF B. D.* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

B.D., a patient committed to a mental health facility pursuant to Chapter 46B of the Texas Code of Criminal Procedure, appeals from an order authorizing the administration of psychoactive medication. Appellant contends that the evidence is legally and factually insufficient to support the trial court's finding that the administration of psychoactive medication is in the best interest of the patient. We reverse and render.

## BACKGROUND

Appellant was found incompetent to stand trial for a criminal charge and was committed to Rusk State Hospital for the purposes of regaining competency pursuant to Chapter 46 of the Texas Code of Criminal Procedure. Appellant refused to take the medications prescribed for his illness. The State petitioned the court for an order to administer psychoactive medications to Appellant. At the hearing, Appellant's treating physician, Dr. Stephen Poplar, testified that Appellant suffered from psychosis marked by disorganized and illogical thinking, coupled with delusions and paranoia. Dr. Poplar further indicated that Appellant believed the medication prescribed for his illness was heroin and that Dr. Poplar was trying to drug him. After the hearing, the trial court granted the order to administer the psychoactive medication. This appeal followed.

In his sole issue, Appellant challenges the legal and factual sufficiency of the evidence to support the trial court's order authorizing the administration of psychoactive medication. Specifically, Appellant argues that the evidence is legally and factually insufficient to support the trial court's finding that the administration of psychoactive medication is in Appellant's best interest.

**Standard of Review**

Texas law requires that orders authorizing administration of psychoactive medication be supported by clear and convincing evidence. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.106(a-1) (West 2017). Clear and convincing evidence is that degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations to be established. *State v. Addington*, 588 S.W.2d 569, 570 (Tex. 1979) (per curiam). This intermediate standard falls between the preponderance standard of civil proceedings and the reasonable doubt standard of criminal proceedings. *Id.; In re G.M.,* 596 S.W.2d 846, 847 (Tex. 1980). While the proof must weigh heavier than merely the greater weight of the credible evidence, there is no requirement that the evidence be unequivocal or undisputed. *Addington*, 588 S.W.2d at 570. This higher burden of proof elevates the appellate standard of legal sufficiency review. *Diamond Shamrock Ref. Co. v. Hall*, 168 S.W.3d 164, 170 (Tex. 2005); *Sw. Bell Tel. Co. v. Garza*, 164 S.W.3d 607, 622, 625 (Tex. 2004)

In reviewing a legal sufficiency claim, we look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). When reviewing factual sufficiency, we must give due consideration to evidence that the fact finder could reasonably have found to be clear and convincing and then determine whether, based on the entire record, a fact finder could reasonably form a firm conviction or belief that the allegations in the application were proven. *Id.* The reviewing court must consider whether the disputed evidence is such that a reasonable fact finder could not have reconciled that disputed evidence in favor of its finding. *Id.* If the disputed evidence is so significant that a fact finder could not reasonably have formed a firm belief in the finding, the evidence is factually insufficient. *Id.*

2

**Applicable Law**

A trial court may issue an order authorizing the administration of one or more classes of psychoactive medications to a patient who is under a court order to receive inpatient mental health services. TEX. HEALTH & SAFETY CODE ANN. § 574.106(a)(1). The court may issue an order under this section only if, after a hearing, it finds by clear and convincing evidence that (1) the patient lacks the capacity to make a decision regarding the administration of the proposed medication, and (2) treatment with the proposed medication is in the best interest of the patient. *Id.* § 574.106(a-1)(1).

"Capacity" refers to a patient's ability to (1) understand the nature and consequences of a proposed treatment, including the benefits, risks, and alternatives to the proposed treatment, and (2) make a decision whether to undergo the proposed treatment. *Id.* § 574.101(1) (West 2017). A patient does not have the capacity to make a decision regarding the administration of medications if the patient does not understand the nature of his mental illness or the necessity of the medications. *See A.S. v. State*, 286 S.W.3d 69, 73 (Tex. App.—Dallas 2009, no pet.). In making its finding that treatment with the proposed medication is in the best interest of the patient, the trial court shall consider (1) the patient's expressed preferences regarding treatment with psychoactive medication, (2) the patient's religious beliefs, (3) the risks and benefits, from the perspective of the patient, of taking psychoactive medication, (4) the consequences to the patient if the psychoactive medication is not administered, (5) the prognosis for the patient if treated with psychoactive medication, (6) alternative, less intrusive treatments that are likely to produce the same results as treatment with psychoactive medication, and (7) less intrusive treatments likely to secure the patient's agreement to take the psychoactive medication. TEX. HEALTH & SAFETY CODE ANN. § 574.106(b).

**Analysis**

In Appellant's brief, he argues that the trial court erred in entering the order to administer psychoactive medication because Dr. Poplar provided conclusory testimony that treatment with the medication was in Appellant's best interest. For his contention, he directs our attention to our decision in *State ex. rel. E.G.*, 249 S.W.3d 728 (Tex. App.—Tyler 2008, no pet.).

In *E.G.*, the only evidence regarding the appellant's best interest was a conclusory statement in the application by the treating physician that the medications sought to be administered were in the appellant's best interest. *Id.* at 731. We held that the trial court erred in

entering its order to administer psychoactive medication, in part, because the treating physician offered no testimony on the subject of whether the administration of the proposed medications was in the best interest of the appellant.[1]  *See id.* at 731-32.  We explained that a conclusory statement in the application, absent testimony from the physician at the hearing, cannot produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established.  *Id*.  We also noted that the Texas Health and Safety Code does not authorize the trial court to base its findings solely on the treating physician's application, because pleadings, such as the physician's application, are not evidence that the statutory standard has been met.  *Id.*; *see* TEX. HEALTH & SAFETY CODE ANN. §§ 574.031(e) (West 2017) (stating that the Texas Rules of Evidence apply to the hearing for court ordered mental health services unless the rules are inconsistent with this subtitle), 574.101-.110 (West 2017); *In re E.T.*, 137 S.W.3d 698, 700 (Tex. App.—San Antonio 2004, no pet.); *see also Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995) (noting that, generally, pleadings are not competent evidence, even if sworn and verified).  Thus, because the record contained nothing more than the physician's conclusory statement in the application, the evidence that the administration of the medications would be in the appellant's best interest was insufficient. *E.G.*, 249 S.W.3d at 731-32.

In this case, Appellant argues that the evidence adduced at the hearing is tantamount to the evidence found to be insufficient in *E.G.*, because the only evidence regarding Appellant's best interest came in the form of a conclusory statement from Dr. Poplar.  A review of the record from the hearing reveals that Dr. Poplar testified that Appellant suffers from schizoaffective disorder.  Dr. Poplar further indicated that Appellant suffers from psychosis; his thinking is illogical and disoriented, and he suffers from paranoia and delusions.  Dr. Poplar testified Appellant verbally refused to take the prescribed medication.  Dr. Poplar affirmed that all of the statements made in his application were true, and his application was entered into evidence.

When asked whether he believed Appellant lacked capacity to decide whether to take his medication, Dr. Poplar said "I do." When asked if Appellant was unable to weigh the risks and

---

[1] In *E.G.*, we held that the trial court erred in entering its order to administer psychoactive medication because the evidence failed to establish both that the patient lacked the capacity to make a decision regarding the administration of the proposed medication, and that the treatment with the proposed medication is in the best interest of the patient. *E.G.*, 249 S.W.3d at 731-32; *see also* TEX. HEALTH & SAFETY CODE ANN. § 574.106(a-1)(1).  In concluding that the evidence was insufficient with regard to appellant's capacity, we noted the treating physician failed to describe what mental illness the appellant suffered from or why he lacked the capacity to make a decision regarding the administration of psychoactive medications. *Id.* at 731.

4

benefits of medication, he answered, "yes." In response to whether the benefits of the medication outweigh the risks, Dr. Poplar answered "yes." Dr. Poplar also answered "yes" when asked if the medications were in the best interest of the patient. When asked if Appellant would regain competency faster if the medications were used, he again answered "yes." The State also asked if any of the medications would interfere with Appellant's ability to confer with his attorney in the underlying criminal charge, to which Dr. Poplar replied as follows:

> [T]he goal is for it to not. I don't believe it will, but if it should, then we would address that potentially with other medications or reduce the dose of the offending medication[.]

Appellant's counsel asked Dr. Poplar if Appellant complained of any side effects, and Dr. Poplar answered that Appellant complained that he was being given heroin and was being drugged. Appellant's counsel also asked if Appellant had any religious or constitutional objections to his medication, to which Dr. Poplar answered "no." Appellant was not present at the hearing, and gave no testimony.[2]

Based on the evidence at the hearing, we conclude that the trial court erred in granting the order to administer psychoactive medication to Appellant. *See id.* Dr. Poplar's testimony at the hearing regarding appellant's best interests was merely a perfunctory recitation of the conclusory statements made in his application. He offered no testimony as to the consequences to Appellant of not administering the medications, his prognosis if the medication is administered, or the alternatives to treatment with psychoactive medication.[3] *See E.T.*, 137 S.W.3d at 700 (evidence insufficient to support order to administer psychoactive medication where State offered no evidence regarding patient's lack of capacity and physician did not testify that proposed treatment was in patient's best interest, i.e., the consequences of not administering the medications, the patient's prognosis with the medications, and the alternatives to the medication); *compare State ex. rel. D.W.*, 359 S.W.3d 383, 387 (Tex. App.—Dallas 2012, no

---

[2] Appellant's waiver or appearance was entered into evidence. This form indicates that Appellant was given the opportunity to appear before the court but chose not to attend and chose not to sign the acknowledgment form. Sheila Loftis, a staff member at Rusk State Hospital, wrote on the form that Appellant was exhibiting aggressive behavior and was in restraint chains.

[3] Dr. Poplar's written application indicated that Appellant's prognosis with medication was "fair" and that the consequences if medications were not administered included "prolonged hospitalization and increased risk of more episodes of aggression." However, Dr. Poplar did not opine on Appellant's prognosis at the hearing nor did he give any opinion regarding the consequences of not administering the medication to Appellant.

5

pet.) (evidence was sufficient to establish administration of medication was in patient's best interest where treating physician testified that medications would decrease patient's delusions, but without them, she would remain too psychotic to be discharged from the hospital; physician further opined on the benefits and side effects of the antipsychotics and anxiolytics and indicated the benefits outweighed the risks, and the only alternative to medication would be electric convulsive therapy, a more intrusive intervention).  Nor could the trial court rely solely on the State's application.  *See E.G.*, 249 S.W.3d at 731-32.  Accordingly, we hold that the evidence presented at the hearing could not have produced in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations to be established.  *See J.F.C.,* 96 S.W.3d at 266; *see also E.G.,* 249 S.W.3d at 731-32; *E.T.*, 137 S.W.3d at 700; *D.W.*, 359 S.W.3d at 387; TEX. HEALTH & SAFETY CODE ANN. § 574.106(a-1)(1),(b).  Because the evidence is legally insufficient, we need not address Appellant's contention that the evidence is factually insufficient to support the trial court's order.  *See* TEX. R. APP. P. 47.1.  We sustain Appellant's sole issue.

## DISPOSITION

Based upon our review of the record, we conclude that the evidence is legally insufficient to support the trial court's order authorizing the administration of psychoactive medication. Therefore, we *reverse* the trial court's order authorizing the administration of psychoactive medication and *render* judgment denying the State's application for an order to administer psychoactive medication.

JAMES T. WORTHEN
Chief Justice

Opinion delivered September 20, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

SEPTEMBER 20, 2017

NO. 12-17-00174-CV

**THE STATE OF TEXAS FOR THE BEST
INTEREST AND PROTECTION OF B. D.**

Appeal from the County Court at Law
of Cherokee County, Texas (Tr.Ct.No. 42123)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that there was error in the order as entered by the trial court below and that the same should be reversed and rendered.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that the trial court's order authorizing the administration of psychoactive medication in favor of Appellee, **THE STATE OF TEXAS**, be, and the same is, hereby **reversed**, and judgment is **rendered** denying the State's application for an order to administer psychoactive medication; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*