# NO. 12-18-00201-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS FOR THE* | *§* | *APPEAL FROM THE* |
| *BEST INTEREST AND PROTECTION* | *§* | *COUNTY COURT AT LAW* |
| *OF G.L.* | *§* | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

G.L., a patient committed to a mental health facility pursuant to Chapter 46B of the Texas Code of Criminal Procedure, appeals from an order authorizing the administration of psychoactive medication. G.L. contends that the evidence is legally and factually insufficient to support the trial court's finding that the administration of psychoactive medication is in the best interest of the patient. We reverse and render.

## BACKGROUND

G.L. was found incompetent to stand trial for a criminal charge and was committed to Rusk State Hospital for the purposes of regaining competency pursuant to Chapter 46 of the Texas Code of Criminal Procedure. G.L. refused to take the medications prescribed for his illness. The State petitioned the court for an order to administer psychoactive medications to G.L. At the hearing, G.L.'s treating physician, Dr. Robert Lee, was unavailable. However, Dr. Satyajeet Lahiri, who has interacted with G.L. in the past, testified that G.L. suffered from Schizoaffective disorder. After the hearing, the trial court granted the order to administer the psychoactive medication. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In his sole issue, G.L. challenges the legal and factual sufficiency of the evidence to support the trial court's order authorizing the administration of psychoactive medication. Specifically, G.L.

argues that the evidence is legally and factually insufficient to support the trial court's finding that the administration of psychoactive medication is in G.L.'s best interest.

**Standard of Review**

Texas law requires that orders authorizing administration of psychoactive medication be supported by clear and convincing evidence. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.106(a–1) (West 2017). Clear and convincing evidence is that degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations to be established. *State v. Addington*, 588 S.W.2d 569, 570 (Tex. 1979) (per curiam). This intermediate standard falls between the preponderance standard of civil proceedings and the reasonable doubt standard of criminal proceedings. *Id*.; *In re G.M.,* 596 S.W.2d 846, 847 (Tex. 1980). While the proof must weigh heavier than merely the greater weight of the credible evidence, there is no requirement that the evidence be unequivocal or undisputed. *Addington*, 588 S.W.2d at 570. This higher burden of proof elevates the appellate standard of legal sufficiency review. *Diamond Shamrock Ref. Co., L.P. v. Hall*, 168 S.W.3d 164, 170 (Tex. 2005); *Sw. Bell Tel. Co. v. Garza*, 164 S.W.3d 607, 622, 625 (Tex. 2004)

In reviewing a legal sufficiency claim, we look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). When reviewing factual sufficiency, we must give due consideration to evidence that the fact finder could reasonably have found to be clear and convincing and then determine whether, based on the entire record, a fact finder could reasonably form a firm conviction or belief that the allegations in the application were proven. *Id.* The reviewing court must consider whether the disputed evidence is such that a reasonable fact finder could not have reconciled that disputed evidence in favor of its finding. *Id.* If the disputed evidence is so significant that a fact finder could not reasonably have formed a firm belief in the finding, the evidence is factually insufficient. *Id.*

**Applicable Law**

A trial court may issue an order authorizing the administration of one or more classes of psychoactive medications to a patient who is under a court order to receive inpatient mental health services. TEX. HEALTH & SAFETY CODE ANN. § 574.106(a)(1). The court may issue an order under this section only if, after a hearing, it finds by clear and convincing evidence that (1) the patient lacks the capacity to make a decision regarding the administration of the proposed medication, and

2

(2) treatment with the proposed medication is in the best interest of the patient. *Id.* § 574.106(a–1)(1).

"Capacity" refers to a patient's ability to (1) understand the nature and consequences of a proposed treatment, including the benefits, risks, and alternatives to the proposed treatment, and (2) make a decision whether to undergo the proposed treatment. *Id.* § 574.101(1) (West 2017). A patient does not have the capacity to make a decision regarding the administration of medications if the patient does not understand the nature of his mental illness or the necessity of the medications. *See A.S. v. State*, 286 S.W.3d 69, 73 (Tex. App.–Dallas 2009, no pet.). In making its finding that treatment with the proposed medication is in the best interest of the patient, the trial court shall consider (1) the patient's expressed preferences regarding treatment with psychoactive medication, (2) the patient's religious beliefs, (3) the risks and benefits, from the perspective of the patient, of taking psychoactive medication, (4) the consequences to the patient if the psychoactive medication is not administered, (5) the prognosis for the patient if treated with psychoactive medication, (6) alternative, less intrusive treatments that are likely to produce the same results as treatment with psychoactive medication, and (7) less intrusive treatments likely to secure the patient's agreement to take the psychoactive medication. TEX. HEALTH & SAFETY CODE ANN. § 574.106(b).

**Analysis**

In G.L.'s brief, he argues that the trial court erred in entering the order to administer psychoactive medication because Dr. Lahiri provided conclusory testimony that treatment with the medication was in G.L.'s best interest. For his contention, he directs our attention to our decision in *State ex. rel. E.G.*, 249 S.W.3d 728 (Tex. App.–Tyler 2008, no pet.).

In *E.G.*, the only evidence regarding the appellant's best interest was a conclusory statement in the application by the treating physician that the medications sought to be administered were in the appellant's best interest. *Id.* at 731. We held that the trial court erred in entering its order to administer psychoactive medication, in part, because the treating physician offered no testimony on the subject of whether the administration of the proposed medications was in the best interest of the appellant.[1] *See id.* at 731–32. We explained that a conclusory statement in the application, absent

---

[1] In *E.G.*, we held that the trial court erred in entering its order to administer psychoactive medication because the evidence failed to establish both that the patient lacked the capacity to make a decision regarding the administration of the proposed medication, and that the treatment with the proposed medication is in the best interest of the patient. *E.G.*, 249 S.W.3d at 731–32; *see also* TEX. HEALTH & SAFETY CODE ANN. § 574.106(a–1)(1). In concluding that the evidence was insufficient with regard to appellant's capacity, we noted the treating physician failed to describe what mental illness the appellant suffered from or why he lacked the capacity to make a decision regarding the administration of psychoactive medications. *E.G.*, 249 S.W.3d at 731.

testimony from the physician at the hearing, cannot produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *Id.* We also noted that the Texas Health and Safety Code does not authorize the trial court to base its findings solely on the treating physician's application, because pleadings, such as the physician's application, are not evidence that the statutory standard has been met. *Id.*; *see* TEX. HEALTH & SAFETY CODE ANN. §§ 574.031(e) (West 2017) (stating that the Texas Rules of Evidence apply to the hearing for court ordered mental health services unless the rules are inconsistent with this subtitle), 574.101–.110 (West 2017); *In re E.T.*, 137 S.W.3d 698, 700 (Tex. App.–San Antonio 2004, no pet.); *see also Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995) (noting that, generally, pleadings are not competent evidence, even if sworn and verified). Thus, because the record contained nothing more than the physician's conclusory statement in the application, the evidence that the administration of the medications would be in the appellant's best interest was insufficient. *E.G.*, 249 S.W.3d at 731–32.

In this case, G.L. argues that the evidence adduced at the hearing is tantamount to the evidence found to be insufficient in *E.G.*, because the only evidence regarding G.L.'s best interest came in the form of a conclusory statement from Dr. Lahiri. A review of the record from the hearing reveals that Dr. Lahiri testified that G.L. suffers from "schizoaffective disorder, bipolar type." Dr. Lahiri further indicated that G.L. suffers from psychosis, becomes irrational, and suffers from "general paranoid ideations." Dr. Lahiri testified G.L. refused to take the prescribed medication both verbally and non-verbally. Dr. Lahiri affirmed that all of the statements made in Dr. Lee's application were true, and the application was entered into evidence.

When asked whether he believed G.L. lacked capacity to decide whether to take his medication, Dr. Lahiri said "yes, he does." When asked if Appellant was unable to weigh the risks and benefits of medication, he answered, "He's not able to weight the risks versus benefits." In response to whether the benefits of the medication outweigh the risks, Dr. Lahiri answered, "Yes, benefits will outweigh the risks if he takes them." Dr. Lahiri also testified that the medications are "in the proper course of treatment and in – in his best interest." When asked if G.L. would regain competency faster if the medications were used, Dr. Lahiri stated, "He's very much likely to regain competency faster if the medications are used and if he takes them, yes." The State asked if any of the medications would interfere with G.L.'s ability to confer with his attorney in the underlying criminal charge, to which Dr. Lahiri replied, "They will not interfere with his ability to consult with

4

an attorney, and they will also facilitate communication – and lead to better understanding of the charges."

G.L.'s counsel asked Dr. Lahiri if G.L. complained of any side effects. Dr. Lahiri answered that G.L. has not complained of side effects but that G.L. believes the medications are changed too quickly and he does not have an opportunity to understand. G.L.'s counsel also asked if G.L. had any religious or constitutional objections to his medication, to which Dr. Lahiri answered that G.L. has objections to some of the medications but he did not ask G.L. which ones are objectionable. Dr. Lahiri did not opine on G.L.'s prognosis at the hearing nor did he give any opinion regarding the consequences of not administering the medication to G.L.[2]

G.L. expressed concern about taking psychoactive medications because of their potential side effects. He testified that the proposed medications have affected him physically. G.L. stated that before the medications, "I could do 41 pushups . . . and now I can barely do four because I'm just – every week it's, 'Oh, I want you to sign this. It's a new medication. It's going to help you.'" G.L. further testified that he "feels like [he] smell[s], like, arsenic everywhere [he] go[es]" because of the medication. G.L. claimed to have a religious belief against taking psychoactive drugs but did not elaborate on the extent of that objection other than stating that he does not drink alcohol. Furthermore, the record is devoid of any outbursts or other evidence indicating that G.L. lacked control at the hearing.

Based on the evidence at the hearing, we conclude the trial court erred in granting the order to administer psychoactive medication to G.L. *See id.* Dr. Lahiri's testimony at the hearing regarding G.L.'s best interests was merely a perfunctory recitation of the conclusory statements made in Dr. Lee's application. He offered no testimony as to the consequences to G.L. of not administering the medications, his prognosis if the medication is administered, or the alternatives to treatment with psychoactive medication. *See E.T.*, 137 S.W.3d at 700 (evidence insufficient to support order to administer psychoactive medication where State offered no evidence regarding patient's lack of capacity and physician did not testify that proposed treatment was in patient's best interest, i.e., the consequences of not administering the medications, the patient's prognosis with the medications, and the alternatives to the medication); *compare State ex. rel. D.W.*, 359 S.W.3d 383, 387 (Tex. App.–Dallas 2012, no pet.) (evidence was sufficient to establish administration of

---

[2] Only in Dr. Lee's written application did he indicate that G.L.'s prognosis with medication was "fair" and that the consequences if medications were not administered included "mental deterioration."

5

medication was in patient's best interest where treating physician testified that medications would decrease patient's delusions, but without them, she would remain too psychotic to be discharged from the hospital; physician further opined on the benefits and side effects of the antipsychotics and anxiolytics and indicated the benefits outweighed the risks, and the only alternative to medication would be electric convulsive therapy, a more intrusive intervention).  Nor could the trial court rely solely on the State's application.  *See E.G.*, 249 S.W.3d at 731–32.  Accordingly, we hold that the evidence presented at the hearing could not have produced in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations to be established.  *See J.F.C.*, 96 S.W.3d at 266; *see also E.G.*, 249 S.W.3d at 731–32; *E.T.*, 137 S.W.3d at 700; *D.W.*, 359 S.W.3d at 387; *State for Best Interest & Prot. of B.D.*, No. 12-17-00174-CV, 2017 WL 4161297, at *4 (Tex. App.—Tyler Sept. 20, 2017, no pet.) (mem. op.); TEX. HEALTH & SAFETY CODE ANN. § 574.106(a–1)(1),(b).  Because the evidence is legally insufficient, we need not address G.L.'s contention that the evidence is factually insufficient to support the trial court's order.  *See* TEX. R. APP. P. 47.1.  We sustain G.L.'s sole issue.

## DISPOSITION

Based upon our review of the record, we conclude that the evidence is legally insufficient to support the trial court's order authorizing the administration of psychoactive medication.  Therefore, we *reverse* the trial court's order authorizing the administration of psychoactive medication and *render* judgment denying the State's application for an order to administer psychoactive medication.

JAMES T. WORTHEN
Chief Justice

Opinion delivered November 28, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 28, 2018**

**NO. 12-18-00201-CV**

**THE STATE OF TEXAS FOR THE BEST
INTEREST AND PROTECTION OF G.L.**

Appeal from the County Court at Law

of Cherokee County, Texas (Tr.Ct.No. 42,437)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the order of the court below, it is ORDERED, ADJUDGED and DECREED by this Court that the trial court's order authorizing the administration of psychoactive medication be **reversed** and judgment **rendered** denying the State's application for an order to administer psychoactive medication; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*